UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------

JEFFREY SPINNER,

                        *Plaintiff,*

   -against-

NEW ERA RELOCATION LLC, MOVING
SOLUTIONS LLC, GOLD STANDARD
RELOCATION, MEDE KARIMOV A/K/A
MEDETBEK KARIMOV, THOMAS GALCZYNSKI,
JENNIFER BLAKE, SAMMI "DOE",
RYAN F "DOE",
and PROGRESSIVE SOUTHEASTERN INSURANCE
COMPANY also operating as PROGRESSIVE GROUP
OF INSURANCE COMPANIES, a party in interest,

                        *Defendants.*

Civil Action No:

VERIFIED
CIVIL COMPLAINT
WITH
INJUNCTIVE RELIEF

JURY TRIAL DEMANDED

Plaintiff, Jeffrey Spinner, complains as follows:

**INTRODUCTION**

This is an action for breach of the Carmack Amendment, 49 U.S.C. §14706, which imposes strict liability upon common carriers for damages to goods in transit. In this case, Defendants are liable to Plaintiff for the loss and non-delivery of household goods they loaded onto their truck and transported from North Carolina to New York. Defendants have baselessly refused to deliver the goods, worth some $250,000, including antiques and irreplaceable heirlooms to Plaintiff's home in Suffolk County. Rather, they off-loaded Plaintiff's property into a warehouse in Brooklyn and are holding it hostage unless he pays Defendants an additional $5,000 in cash. Plaintiff since discovered that on December 16, 2020 Defendants were prohibited from conducting a carrier business because their DOT license was revoked. Even after the revocation, Defendants continued to illegally operate by transporting and keeping Plaintiff's property, in violation of federal civil and criminal laws. On December 28, 2020, Defendants escalated their illegal conduct with vicious calls, cursing and a voicemail threat to Plaintiff that they will "auction" all of his property.

Plaintiff seeks injunctive relief to protect his property from being sold, damages, punitive damages, treble damages, costs and attorneys' fees and the immediate return of all of his property from Defendants, among other relief requested herein.

## PARTIES

1. At all times mentioned herein, Plaintiff Jeffrey Spinner was and is an individual and natural person over the age of 18 and domiciled in Suffolk County in the State of New York. He is also a retired New York State County Court Judge as well as Acting Supreme Court Justice. Because of his status as a retired judge, his home address and cell number are redacted in this complaint and any exhibits.

2. Defendant New Era Relocation LLC ("New Era") lists on its contract, corporate documents and website an address at 111 North 3rd Street, Smithfield NC 27577 and is a North Carolina entity listed as a limited liability Company that conducts business within the State of New York.

3. Defendant New Era operates a common carrier business as defined by the Carmack Amendment, operating under US DOT number of 3371822.

4. Defendants Mede Karimov a/k/a Medetbek Karimov, Thomas Galczynski, Jennifer Blake, Sammi "Doe" and Ryan F "Doe" are agents and employees of Defendant New Era who have been actively involved in procuring the carrier contract leading to the conversion, theft, extortion and concealment of Plaintiff's property that is the subject of this complaint.

5. Gold Standard Relocation LLC ("Gold Standard") lists an address at 935 N. Beneva Road, Suite 609-1021, Sarasota Florida 34232. Gold Standard is a nationwide moving broker providing moving coordinating services, according to its website at https://goldstandardrelocation.com /about-us/, and, upon information and belief, Defendant New Era is a wholly owned subsidiary of Gold Standard.

6. Defendant Gold Standard operates a common carrier business under US DOT number of 3122941, and operates Defendant New Era as well as manages logistics for Defendant New Era.

7. Defendant Progressive Southeastern Insurance Company, also operating as Progressive Group of Insurance Companies (collectively, "Progressive"), is located at 1616 E Millbrook Rd, Suite 300, Raleigh, NC 27609 with a contact person named Brett Sharp at Brett_Sharp@ Progressive.com, and holds policy number CA1820326 for Defendant New Era. Defendant Progressive is named as a party in interest only as Progressive is the insurance carrier for the other Defendants. Thus, when referring to Defendants below, Progressive is not included and "Defendants" means all other named defendants, both the corporate and individual parties.

**JURISDICTION AND VENUE**

8.  The Court has "federal question" subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §1331, as the claim set forth herein arises under federal statute 49 U.S.C. §14706, otherwise known as the Carmack Amendment.

9.  Venue is proper in this district under 28 U.S.C. §1391(b)(2) and (d) because a substantial part of the events or omissions giving rise to the claims and injuries at issue occurred in this District, including the contract was executed by Plaintiff in this venue and Defendants by its websites procuring business from this State and venue, particularly its websites affirming they transact business in New York State, and regularly conducts business in this District.

10. This Court has personal jurisdiction over Defendants because they are actively and continuously transacting business in the State of New York and have purposefully availed themselves of the rights and protections accorded to a business entity doing business in New York, including under C.P.L.R. §§301 & 302 which subjects them to personal jurisdiction within this state, and the cause of action set forth herein arose out of Defendants' transactions with Plaintiff within the State of New York.

11. In fact, Defendants' websites at https://goldstandardrelocation.com and https://newerarelollc.com are operational in New York and used by New York citizens on New York computers, which Plaintiff was such a party using those websites on his computer in this venue in New York, whereby said websites generate contracts, money and profits from New York citizens to Defendants, as occurred here with Plaintiff.

**FACTS**

12. On July 17, 2020, Defendant Ryan F "Doe" ("Ryan") prepared a Binding Moving Estimate contract between Defendant New Era and Plaintiff Jeffrey Spinner for 3,200 cubic feet of household goods to be shipped from North Carolina to New York (the "Contract").

13. The Contract page 1 lists Defendant Ryan as the "Customer Rep" for New Era and at page 9 as the "Logistics Manager" for Gold Standard with a DOT number 3122941 (**Exhibit A**)[1]. Plaintiff e-signed it from his home in Suffolk County New York on or about July 17, 2020, and on or about that date or a few days before, Plaintiff asked Ryan F if Gold Standard was a broker and Ryan F specifically denied being a broker and stated they are a moving company using the name New Era Relocation, which Plaintiff understood he was contracting with both entities.

14. The Contract page 9 is entitled "Articles List 80 Items, 248 Pieces". That lists Plaintiff's property, including antiques and other valuable and irreplaceable items such as the "Clock,

Grandfather", "Physician's Scale", "Secretary Desk, Antique", and "antique dining room table/chairs/hutch", for which the loss to and/or damage of those items would be an irreparable harm as this verified complaint affirms those items are from the holocaust as well as invaluable family heirlooms.

15. Plaintiff paid a deposit of $4, 917.00 upon signing the Contract and on July 30, 2020 another $4,500.00, totaling $9,417.00. A balance of $4,500.00 was to be paid upon delivery. The Contract provided for free storage for the first 30 days, with monthly storage thereafter at .50 cents per cubic foot. The balance due upon delivery was to be $9,300.00, comprised of the $4,500.00 to be paid upon delivery (as listed above) plus a $4,800.00 storage charge. However, on or about December 19, 2020 via a text to Plaintiff, Defendants informed that they wanted a new inflated amount of $15,582.00 in cash or money order as opposed to the actual $9,300 that was due. In other words, Defendants demanded another $6,682.00 ($9,300.00 + $6,282 = $15,582.00)

16. Plaintiff agreed to pay the $9,300.00, but objected to pay the $15,582.00 as there was no basis provided by Defendants for that inflated amount.

17. Meanwhile, Plaintiff has no idea where his property is held by Defendants, and they repeatedly refused to disclose the location despite Plaintiffs demands for such.

18. After Plaintiff has refused to pay the additional $5,040.00 cash, he investigated Defendants and found numerous federal and state violations and criminal acts they engaged in.

19. First, Plaintiff discovered that Defendants used a fake address on their Federal DOT filings, State Corporate filings, their website and the Contract as "111 N. 3rd St. Smithfield NC 27577" as if that is their "physical address" and actual corporate headquarters. A Google Map search shows that address is a corner store that ships mail, not a corporate location **(Exhibit B)**.

20. Defendant New Era's fake address is also listed as its "principal office" on its state corporate filings (**Exhibit C**).

21. That fake address is also listed on Defendant New Era's website as its "CORPORATE HEADQUARTERS" at https://www.newerarelo.com/our_trucks__teams to deceive consumers nationwide as if there is a "principal office" when there is not (**Exhibit D, see p 2**).

22. Most important, Defendant New Era is "**not authorized**" by the DOT to conduct carrier business as of December 16, 2020 because it lapsed its requisite insurance

---

[1] This and all exhibits referenced herein and attached hereto and all of their content is made a part hereof as if fully set forth herein.

(https://safer.fmcsa.dot.gov/query.asp?searchtype=ANY&query_type=queryCarrierSnapshot&query_param=USDOT&original_query_param=NAME&query_string=3371822&original_query_string=NEW%20ERA%20RELOCATION%20LLC ) (**Exhibit E**).  Despite being unauthorized to operate, Defendants transported Plaintiff's property illegally during the month of December, 2020 and demanded money from him that they are not entitled to.

23. Defendants' custom and practice to similarly extort interstate customers like Plaintiff out of <u>cash</u> for their property is shown in the many complaints of other consumers at https://www.bbb.org/us/nc/smithfield/profile/moving-companies/new-era-relocation-0593-90326232/complaints (**Exhibit F**).  Those complaints are as recent as September, 2020 and describe how Defendants "lied", are "scamming" and holding "hostage" consumers' property and demanding more money than originally agreed, just as they did to Plaintiff.

24. On or about the week of December 22, 2020 Plaintiff requested that Defendants show him a Bill of Lading and Defendants sent him one by forging his signature on it and backdating it as of July 3, 2020 (**Exhibit G**).

25. A layperson can see the signatures of Defendants' customer representative and the one purporting to be Plaintiff's as the "Customer" at the bottom of that Bill of Lading are signed by the same person, which is whoever signed as Defendants' customer representative.

26. From December 4 through December 23, 2020, Plaintiff emailed Defendant's New Era Sammi and Sammi replied (**Exhibit H**). These emails show Plaintiffs numerous attempts to obtain delivery of his property to his home in Long Island New York, which Sammi confirms that Defendants have the property on their truck but will not release it unless Plaintiff pays some $5,000 more than the Contract price, in cash.

27. On December 26, 2020, pursuant to 49 C.F.R. §370.3, Plaintiff's counsel sent Defendants a letter notifying them that the resulting loss of property is valued at over $100,000, which amount may be further determinable, plus costs, fees and attorney fees are being sought, and requesting they provide the actual physical address in Brooklyn that they are holding Plaintiff's property hostage so he may have a new carrier that is authorized to conduct business under the DOT to pick-up his property and deliver it to him.

28. To date, Defendants have refused to provide the location of Plaintiff's property, release it to Plaintiff.

29. Rather, than respond to Plaintiff's requests for the location of his property and his claims that they protect his antiques and heirlooms, Defendants escalated their threats and criminal conduct by several calls on December 28, 2020 stating they are selling the property.

30. On December 28, 2020, at 3:58 p.m., Plaintiff received a call from a blocked number. When Plaintiff answered, a nasty male voice said "This is Chris, GM at New Era. You've been fucking around with us for six months, I'm going to auction your stuff." Plaintiff responded by saying "I can't talk to you, you need to speak with my lawyer." Chris' response was "I'm not speaking to no one". To which Plaintiff replied, "Then I am terminating this call" and hung up.

31. At 3:59 p.m., the same person again called from a blocked number and left the following voicemail message: "Supposed to pick up your stuff months ago, I'm going to go ahead and put your up, your stuff up for auction and we'll send you a letter. Have a nice day."

32. Those calls and the holding hostage of consumers' household goods is so dangerous to the mental and financial well-being of citizens that 49 USCS §14915 provides for civil and criminal penalties enforced by the government for the "knowing and willful failure, in violation of a contract, to deliver to, or unload at, the destination of a shipment of household goods that is subject to jurisdiction under subchapter I or III of chapter 135 of this title [49 USCS §§ 13501 et seq. or 13531], for which charges have been estimated by the motor carrier providing transportation of such goods, and for which the shipper has tendered a payment described in clause (i), (ii), or (iii) of section 13707(b)(3)(A) [49 USCS § 13707(b)(3)(A)]."

**COUNT ONE: Carmack Amendment**

33. Plaintiff repeats each and every allegation above as though fully set forth herein.

34. Defendants, as carriers and brokers, and their agents and employees, had duties under the Carmack Amendment, 49 U.S.C. §14706 to properly and carefully to load, handle, stow, carry, keep, care for, discharge, and deliver the household goods carried in the same good order and condition as when tendered to and accepted and to provide a Bill of Lading.

35. Defendants assumed responsibility for, and were responsible for, the care and custody of the goods from the place of initial receipt to the place of intended delivery.

36. Defendants breached their duties under the Carmack Amendment by failing to properly and carefully to load, handle, stow, carry, keep, care for, discharge, and deliver the goods carried in the same good order and condition as when tendered and accepted, and have refused to deliver the goods.

37. Defendants breached their duties under the Carmack Amendment by failing to provide the location of the goods that they are holding hostage at some undisclosed address or provide any

evidence that the goods are not physically damaged, nor provide Plaintiff the opportunity to survey the condition of the goods, and/or the take delivery of them or mitigate any damages.

38. Defendants breached their duties under the Carmack Amendment by affirming in a voicemail message of December 28, 2020 that they are auctioning Plaintiff's property for sale rather than deliver it to Plaintiff.

39. By reason of the foregoing, Defendants were a receiving and/or delivering carrier and broker within the meaning of the Carmack Amendment, 49 U.S.C. §14706, and breached their duties under that statute and/or under the contract of carriage.

40. Furthermore, if Defendants Gold Standard and Ryan F "Doe" acted as a "broker" or third-party logistics service-provider, in addition to owning Defendant New Era as a subsidiary, then Defendants Gold Standard and Ryan F "Doe" are also liable to Plaintiff for breach of their duties outlined in Paragraph 13 since the Carmack Amendment holds all such carriers and owners of carriers liable.

41. As a direct and proximate cause of Defendants' breaches of their carrier and other duties under the Carmack Amendment, Plaintiff suffered damages over $100,000, which amount may be further determinable, and which was not the result of any contributing acts, omissions, negligence or breach of contract on the part of Plaintiff.

42. Defendants are jointly and severally liable for any and all damages for their violations of the Carmack Amendment, and the Carmack Amendment imposes strict liability for any breach.

**COUNT TWO: Disgorge Profits**

43. Plaintiff repeats each and every allegation above as though fully set forth herein.

44. Defendants unlawful conduct constitutes deceptive, fraudulent and wrongful conduct.

45. By virtue of their wrongful conduct, Defendants illegally received money and profits from Plaintiff that rightfully belong to Plaintiff, including all monies he has paid Defendants since July, 2020 and any further monies Defendants receive from their illegal auction and sale of Plaintiff's property

46. Defendant's activities as alleged herein warrant that they disgorge all such monies, with interest thereon.

**COUNT THREE: Permanent Injunction**

47. Plaintiff repeats each and every allegation above as though fully set forth herein.

48. USCS Fed Rules Civ Proc R 65 grants district courts the power to grant injunctions, which in turn can be permanent.

49. Plaintiff suffers irreparable injury in the absence of an injunction because Defendants' statement of December 28, 2020 that they will auction off Plaintiff's entire household goods, is

literally a theft of Plaintiff's entire contents of his home, including irreplaceable antiques and heirlooms, absolutely and irreparably damages Plaintiff.

50. Remedies at law, such as monetary damages, are inadequate to compensate for the injury because the loss of irreplaceable antiques and heirlooms is not precisely quantifiable.

51. The balance of hardships tips in Plaintiff's favor as undoubtedly no one can put a price on family heirlooms and antiques handed down from generations, and once lost or stolen, as in this case, they can never be replaced.

52. The public interest would not be disserved by the issuance of a permanent injunction mandating Defendants protect Plaintiff's property as, indeed, the public interest would be served to rid the nuisance that Defendants create as their established history shows they hold consumers' household goods for hostage for their own selfish and pecuniary gain at the expense of innocent citizens who just want their household goods transported to their new homes without becoming victims to Defendants' extortion.

53. Also, the public has an interest in not being deceived by the likes of these Defendants who steal people's properties under the guise of a government issued DOT license they use to harm the public.

54. Defendants' activities as alleged herein warrant an immediate restraining order and permanent injunction that they and their servants, agents, employees or any other person or entity acting on their behalf, whether directly or indirectly, cease and desist from (a) selling, hypothecating , transferring or damaging in any way Plaintiff's property, (b) inform Plaintiff's counsel of the exact physical location of Plaintiff's property and (c) immediately return Plaintiff's property to a licensed DOT carrier of Plaintiff's choice by having Plaintiff's carrier load the property into its truck to deliver to Plaintiff.

**DAMAGES**

*WHEREFORE*, Plaintiff Jeffrey Spinner demands judgment against all Defendants, and if it is discovered there are more defendants then judgment shall be jointly and severally against each such defendant, on each Cause of Action detailed herein, awarding:

(a) Actual, compensatory and equitable damages in an amount no less than $100,000 and attorney fees and costs of this action;

(b) A refund of all monies Plaintiff paid to Defendants, plus interest;

(c) An order directing Defendants to disclose the actual physical location of Plaintiff's property and directing that Plaintiff's own carrier can pick-up all of the property immediately;

(d) Preliminarily and permanently enjoining Defendants, and all persons in active concert or participation with them, including its officers, agents, servants, employees, and attorneys, from moving, transporting or selling Plaintiff's property and household goods;

(e) Punitive damages because, among other things, Defendants acted wilfully or wantonly in failing to complete the delivery of the goods, they have a history of holding hostage consumer household goods unless they pay more cash and have deliberately concealed from Plaintiff and the public the fact that the DOT has not authorized them to conduct business since December 16, 2020; which, despite having clear notice they would be shut down over a month before that, they concealed all of that from Plaintiff and transported his property then delivered it somewhere else and forged Plaintiff's signature on a Bill of Lading;

(f) Prejudgment interest at the rate of 9% *per annum;* and

(g) Awarding such other and further relief as the Court deems just and proper.

## TRIAL BY JURY IS DEMANDED

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on all triable issues raised by this Complaint.

Dated: New York, New York
December 28, 2020

**LAW OFFICES OF SUSAN CHANA LASK**

/s Susan Chana Lask

_____

**Susan Chana Lask, Esq.**
*Attorneys to Plaintiff Jeffrey Spinner*
**244 Fifth Avenue, Suite 2369**
**New York, NY 10001**
**917-300-1958**
**scl@appellate-brief.com**

## Verification

I, Jeffrey Spinner, declare as follows:

1. I am the Plaintiff in the present case, over the age of 18 years old, a citizen of the United States of America, and a resident and citizen of the State of New York.

2. I am the owner of the household goods and property at issue in the complaint and the shipper of the goods pursuant to the Contract. I have personal knowledge of the facts set out in the foregoing *Verified Complaint,* and if called on to testify I would competently testify as to the matters stated therein.

3. Under 28 U.S.C. §1746, I verify under penalty of perjury under the laws of the United States of America that the factual statements in this *Verified Complaint* are true and correct.

Dated: December 28, 2020

_____
Jeffrey Spinner