```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
JEFFREY SPINNER,

                    Plaintiff,
                                                ORDER
          -against-                             20-CV-6288(JS)(AYS)

NEW ERA RELOCATION LLC, MOVING
SOLUTIONS LLC, GOLD STANDARD
RELOCATION, MEDE KARIMOV a/k/a
MEDETBEK KARIMOV, THOMAS GALCZYNSKI,
JENNIFER BLAKE, SAMMI "DOE,"
RYAN F. "DOE," and PROGRESSIVE
SOUTHEASTERN INSURANCE COMPANY also
operating as PROGRESSIVE GROUP
OF INSURANCE COMPANIES,
a party in interest,

                    Defendants.
-----------------------------------X
```

SEYBERT, District Judge:

On or around July 17, 2020, Plaintiff Jeffrey Spinner ("Plaintiff") contracted with Defendant New Era Relocation LLC ("New Era") to ship household goods from North Carolina to New York.  Plaintiff commenced this action against Defendants on December 29, 2020 alleging a violation of the Carmack Amendment, 49 U.S.C. § 14706, among other claims, arising out of Defendants' refusal and/or failure to return Plaintiff's property.  (See generally Compl., ECF No. 1.)  On December 30, 2020, Plaintiff filed an ex parte motion for a Temporary Restraining Order and an Order to Show Cause.  (Mot., ECF No. 7.)  The same day, the Court granted the Motion and issued a Temporary Restraining Order and

1

directed Defendants to show cause on January 13, 2021 why an order should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure.  (TRO Order, ECF No. 8.)  As permitted by the Court, Plaintiff served Defendants with copies of the Motion, supporting papers, and the Complaint via electronic mail. (Certificate of Service, ECF No. 10.)  On January 12, 2021, Defendant Moving Solutions, LLC d/b/a Gold Standard Relocation ("Gold Standard") filed a letter indicating that that it does not have possession of Plaintiff's property, it is not associated with Defendant New Era Relocation LLC ("New Era"), and that "Chris, one of the owners of New Era" advised that Plaintiff's property was transferred to "NJ-440 S Bayonne, New Jersey and the goods have stayed in the truck the entire time."  (Jan. 12, 2021 Ltr., ECF Nos. 12 & 12-1.)  Plaintiff disputes that Gold Standard and New Era are unrelated entities.  (Pl. Jan. 13, 2021 Ltr., ECF No. 13.) Other than Gold Standard, Defendants did not respond to the Motion or otherwise communicate with the Court.

On January 13, 2021, Plaintiff and counsel for Gold Standard appeared for the show cause hearing.[1]  (Min. Entry, ECF No. 14.)  Despite receiving notice of the hearing, no other Defendant appeared.  The Court heard argument and, for the reasons

---

[1] As detailed in the Temporary Restraining Order and Order to Show Cause, due to on-going health concerns regarding COVID-19, the hearing took place using the Court's secure Cisco WebEx platform.

stated on the record, which reasons are incorporated herein, the Court finds:

    A. Plaintiff established, <u>prima facie</u>, that Defendant Gold Standard is likely related to, and/or working in coordination with, Defendant New Era; and

    B. Plaintiff is likely to succeed on the merits of his Carmack Amendment claim, that preempts all claims related to, as relevant here, the interstate shipment and delivery of goods; he will suffer irreparable harm in the absence of preliminary relief, as supported by Plaintiff's submitted evidence that Defendants indicated they will sell or auction Plaintiff's property unless Plaintiff pays an amount above and beyond the contract price; upon the record presented, the balance of equities tips in Plaintiff's favor; and the injunction is in the public interest.

Accordingly, **IT IS HEREBY ORDERED** that Defendants, their officers, agents, servants, employees, attorneys, and anyone acting on its behalf, are preliminarily enjoined from (1) destroying, moving, transferring, selling, auctioning, hypothecating or exercising control over, or otherwise owning, in whole or in part, any of Plaintiff's property, as described in the Complaint and Exhibit A thereto (the "Property"); and

(2) effecting any assignment or transfer, forming new entities or associations, or the like, for the sole purpose of avoiding or evading this Order; and

**IT IS FURTHER ORDERED** that Defendant Gold Standard shall make a <u>bona fide</u> effort to ascertain and provide Plaintiff with the exact location of the Property, including the license plate of the truck storing the Property and details regarding the length of time the Property has been stored in the location; and

**IT IS FURTHER ORDERED** that upon receiving the exact location of the Property, Defendants shall permit Plaintiff to take inventory and possession of the Property; and

**IT IS FURTHER ORDERED** that the Court, in its discretion, waives the bond requirement; and

**IT IS FURTHER ORDERED** that Plaintiff shall serve a copy of this Order to Defense counsel, if possible; otherwise, Plaintiff shall serve Defendants in the same manner as directed in the Court's Temporary Restraining Order; and

**IT IS FURTHER ORDERED** that Plaintiff shall file proof of service of this Order to the docket forthwith.

SO ORDERED.

/s/   JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: January  14 , 2021
       Central Islip, New York