# BARRY N. GUTTERMAN & ASSOCIATES, P.C.
ATTORNEYS AT LAW
26 HILLSIDE AVENUE
GOLDENS BRIDGE, NEW YORK 10526
(914) 234-7965
E-MAIL: BNGASSC@AOL.COM
WEBSITE: BARRYNGUTTERMAN.COM

AUGUST 11, 2022

VIA ECF

Honorable James Wicks
United States Magistrate Judge for the
Eastern District of New York
100 Federal Plaza
Courtroom 1030
Central Islip, New York 11722

          Re: Spinner et.al. v. New Era Relocation et.al.
          E.D.N.Y. 20-cv-6288 and Wagner v New Era
          Relocation et.al, 21-cv-7092

Dear Honorable Magistrate Judge Wicks;

    Our office represents Defendants Moving Solutions, LLC d/b/a Gold Standard Relocation, Relocate US, Margaret Drayton, Samuel Galluzzi. Ryan Fahnestock, and Jennifer Blake/ Jacobs (collectively "Gold Standard") in the above-captioned case.

    On August 5, 2022 there was a settlement conference with your Honor and I was in attendance with Margaret Drayton as the representative with settlement authority on behalf of Gold Standard and Susan Chana Lask appeared as attorney for the Plaintiffs' and Bill Pompliano, one of the Plaintiffs' representatives appeared with settlement authority.

    Last night Ms. Lask filed a letter with your Honor (ECF 86) which, in part, requests a virtual appearance this week or next week, either Wednesday or Friday. I have no objection to a virtual appearance as long as there is not such an appearance today as I have a deposition today and not on Friday because I told Ms. Lask that I was starting a weekend vacation to Newport Beach in celebration of our anniversary on Friday. However, I am available for a virtual appearance on Monday or Wednesday of next week if your Honor decides to have a virtual appearance and your schedule permits an appearance on these dates.

    Your Honor requested at the settlement conference that the parties agree to a Settlement Release and a Confession of Judgment. However, Gold Standard will not agree to five of the terms of the Confession Judgment prepared by Ms. Lask. I conveyed this in an email to her yesterday. Ms. Lask had suggested that I should consider a Consent Judgment or Stipulation of Judgment and I said that this could be possible but that I would get back to her on this suggestion.

    I responded to Ms. Lask by email and I advised her that your Honor requested a Confession of Judgment and that she should make it as simple as possible. I also advised that the Settlement Agreement was acceptable to Gold Standard and that three of the defendants will sign the agreement. The settlement agreement states a payment schedule by August 19 and October 26, 2022. I considered Ms. Lask's request for a Consent Judgment or a Stipulation of Judgment but decided that the Confession of Judgment that your Honor suggested was preferable. As such, this was not "game playing on my part" as alleged by Ms Lask.

    Alternatively, I can email to your Honor the Confession of Judgment prepared by Ms. Lask with my email to her stating the objections by Gold Standard and the settlement term sheet agreed to by counsel for your review. This email to you with the documents would not be filed on the docket and a copy would be emailed to Ms. Lask. Please advise if this is an acceptable alternative to a virtual appearance to be scheduled.

    As for Gold Standard paying for a transcript of a virtual conference there is no basis for doing so. Any discussion of a confession of judgment or a consent judgment to be transcribed as requested by Ms. Lask cannot be filed on the docket since the confession of judgment can only be entered on the docket if Gold Standard fails to abide by the agreed upon settlement payments.

                                           Respectfully submitted,

                                           s/ Barry N. Gutterman

/